(No. 5150.   July 30, 1928.)

In re S. E. HENRY.

[469 Pac. 416.]

O. J. Bandelin, for Petitioner.

C. H. Potts, for Bar Commission.

Counsel file no briefs.

BUDGE, J.—In January, 1927, the board of commissioners of the Idaho state bar, at a meeting regularly called, appointed a prosecuting committee with instructions to file a formal complaint against S. E. Henry, an attorney duly admitted to practice law in this state, for alleged unprofessional conduct, and to prosecute proceedings thereunder. A committee on discipline was thereafter appointed and a hearing duly had before it upon the formal complaint and answer made thereto. Henry was charged in the complaint with numerous and sundry acts of unprofessional conduct, among which, notably, were the following:

That on August 21, 1924, the Merchants Credit Bureau, Inc., of Dallas, Oregon, through its attorney, E. K. Piasecki, wrote to Henry at Bonners Ferry, inquiring if he would handle a collection against one C. C. Smith, upon a promissory note; that on August 22, 1924, Henry replied to said letter and agreed to handle the matter upon receipt of the note, and to garnishee the wages and attach an automobile of the debtor, Smith; that the note was forwarded, Henry acknowledging receipt of the same by letter dated August 28, 1924, and in said letter stating that he could not attach the car belonging to Smith for the reason that it was subject to a chattel mortgage in the sum of $200, and that such amount must be tendered to the sheriff of Boundary county before any attachment could be made; that on September 9, 1924, Piasecki, relying on the representations made to him by Henry, sent Henry a check for $200 for the purpose of paying and satisfying the chattel mortgage; that Henry acknowledged receipt of said check and on September 20, 1924, wrote to Piasecki stating that summons and complaint had been served upon Smith September 13, 1924, and that Smith had twenty days in which to answer; that on October 16, 1924, Henry, replying to inquiries as to the status of the case, wrote to Piasecki stating that the defendant Smith

had filed an answer denying the execution of the note; that Piasecki sent three letters to Henry during November and December following, and on December 12, 1924, Henry answered to the effect that the proceeds of sale would be forwarded on December 18, 1924; that in reply to further letters from Piasecki, Henry answered, on December 30, 1924, that the execution sale had been had on December 19, 1924, and that the proceeds of sale would be remitted January 1, 1925, the date on which the sheriff would make his return; that upon receiving information from the clerk of the district court of Boundary county to the effect that no suit had been filed against Smith by Henry, Piasecki, on January 2, 1925, telegraphed and wrote to Henry informing him that the facts relating to his handling of the matter were known, and threatening immediate legal action unless Henry made a report and accounting at once; that in response to the wire, Henry forwarded his check for $321 to Piasecki, in payment of most of the amount due, but denied the note in question contained any provision for attorney fees; that no final or complete accounting has ever been had in the matter from Henry.

It was alleged that the statements made in the letters from Henry to Piasecki with reference to commencing an action, having an attachment issued, the existence of a chattel mortgage, and all other statements regarding any court proceedings in connection with collecting the note, were false and fraudulent; that in truth and in fact no action of any kind was commenced by Henry and there was no lien against the car of Smith.

It was further charged that on or about June 3, 1922, one Albert Sundsmo, of Bonners Ferry, retained Henry as his attorney for the purpose of securing the release or parole of his wife and five minor children, who were then inmates of the Idaho State Sanitarium; that Henry agreed to handle the matter and accepted a retainer from Sundsmo, making a trip to Caldwell to file *habeas corpus* proceedings in the district court; that upon his return from Caldwell, Henry

informed Sundsmo that he had filed a suit in the district court of Canyon county to determine the right of the state to keep Sundsmo's family in such institution, and that Sundsmo then paid Henry the sum of $50 as his expenses in making the trip to Caldwell, and at the same time Henry told Sundsmo he had retained Dr. Cole of Caldwell to examine and ascertain the mental and physical condition of Sundsmo's family and had paid Dr. Cole the sum of $50, which amount Sundsmo repaid to Henry on July 3, 1922; that thereafter Henry advised Sundsmo that the trial in the *habeas corpus* matter would be held in the fall, and finally stated that the time for hearing was fixed for October 2, 1922; that, relying upon the advice and statements of Henry, Sundsmo made a trip to Caldwell, together with two witnesses, to testify at such hearing; that upon his arrival at Caldwell he was informed by Henry that the matter had been practically settled out of court and that arrangements for the release of Sundsmo's family would be made in a short time, and Sundsmo was advised to return to Bonners Ferry at once.

The complaint charged that Henry never filed any action in any court for the purpose of securing any relief for Sundsmo; that he never paid Dr. Cole any sum whatever for the purpose stated by him, or for any other purpose; that all the statements made by Henry with reference to said matter were false and fraudulent, and made for the purpose of deceiving Sundsmo. Upon the hearing, with reference to this charge, it was admitted by Henry that no action was instituted in any court by him for and on behalf of Sundsmo or his wife or minor children.

A majority of the committee on discipline found the allegations of the complaint, as above recited, to be substantially sustained by the proof admitted on the hearing, and made the following recommendation to the board of commissioners of the Idaho state bar:

" . . . . that the defendant should not be further permitted to practice law in the State of Idaho and that he

should be disbarred, and recommends the disbarment of the defendant . . . . "

After a consideration of the findings, conclusions and recommendation of the committee on discipline, the board of commissioners adopted the same and recommended that the name of the said S. E. Henry be stricken from the roll of attorneys and counselors of the supreme court of the state of Idaho, and that he be precluded from practicing as such attorney or counselor in all of the courts of this state.

The matter came on for review in this court, and a full and complete hearing was had at the recent term of court at Lewiston. Petitioner raised first the constitutionality of the act, and amendments thereto, creating the Idaho state bar; questioned the jurisdiction of this court to entertain the proceedings, upon the ground that no copy of the findings of the commissioners of the Idaho state bar was ever served upon him or his attorney; and contended that the recommendation of disbarment is too severe.

There is no merit in the contention that the act, and amendments thereto, creating the Idaho state bar, are unconstitutional. (*In re Edwards*, 45 Ida. 676, 266 Pac. 665.)

Petitioner has now had a full and complete hearing in this court, on review, of the entire proceeding, and cannot, therefore, have been prejudiced by a failure to have been formally served with a copy of the findings of the commissioners, conceding, but not admitting, such service was not made.

We have carefully examined the entire record and are of the opinion that the charges made against petitioner, some of which, for the sake of brevity, are not herein recited, were fully sustained by the proof, and that by his derelictions and misconduct he is unfit to perform the important duties which devolve upon an attorney at law or to continue longer in a profession which ought to be and is, for the most part, made up of men of the highest honor and integrity.

It is hereby directed that the following judgment be entered by the clerk of the supreme court:

That the name of S. E. Henry be and the same hereby is stricken from the roll of attorneys and counsellors of the supreme court of the state of Idaho, and that he be and hereby is precluded from practicing as such attorney or counselor in all of the courts of this state, and that his license so to practice be and hereby is revoked and annulled.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Taylor, J., took no part.